# Ex. 1

**SAINT CHRISTOPHER AND NEVIS**

---

**STATUTORY RULES AND ORDERS**

**No. 8 of 2021**

---

**Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2021.**

---

In exercise of the power conferred by section 15 of the Saint Christopher and Nevis Citizenship Act, Cap. 1.05, the Minister makes the following Regulations:

*[Published 19th March 2021, Extra Ordinardy Gazette No. 13 of 2021]*

1. **Citation.**

These Regulations may be cited as the Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2021.

2. **Interpretation.**

In these Regulations "principal Regulations" mean the Saint Christopher and Nevis Citizenship by Investment Regulations, No. 52 of 2011.

3. **Insertion of regulation 5B and 5C.**

The principal Regulations are amended by adding the following new regulation 5B and 5C, as follows

"**5B. SPECIFIC REQUIREMENTS FOR SALE OF PRIVATE HOMES.**

(1) With effect from 1st November, 2020 to 1st November 2022, where a person executes a binding purchase and sale agreement for real estate for the sale of an approved private home, an application may be submitted on his or her behalf through an authorised person.

(2) Subject to sub-regulation (4), the full purchase price of the real estate shall be a minimum real estate investment of US$400,000.00 for each main applicant.

(3) Pursuant to sub-regulation (2), two or more applicants may apply for citizenship by investment together by purchasing one piece of real estate, provided that each main applicant contributes the minimum investment of US$400,000.00 towards the investment.

(4) The minimum requirements for a private home to be considered for sale under the Citizenship by Investment Programme shall be as follows:

    (a) the property shall be owned by certificate of title, by the vendor;

    (b) the value of the land shall not be included in determining the value of the home;

    (c) a single family home shall be sold as one unit and shall not be converted to apartments or condominiums or otherwise be divided;

    (d)  an apartment building or more than one apartment buildings on the same piece of land shall to be sold as one unit and shall not be divided;

    (e)  the use of shares is prohibited.

(5)  The value of the home shall be independently appraised by a qualified appraiser and the appraiser shall separately identify and specify

    (a)  the value of the house or building, separate and apart from that of the land; and

    (b)  the value of the land.

(6)  Within three months of the submission of an application for Citizenship by Investment through the purchase of real estate, the Unit shall notify the authorised person on behalf of the main applicant, that the application has been:

    (a)  approved in principle,

    (b)  denied; or

    (c)  delayed for cause and still being processed.

(7)  No later than six months after the date of a notification of approval in principle pursuant to subregulation (6), the main applicant shall be required to show that

    (a)  full and unencumbered title to the relevant property has been transferred to him or her, directly or indirectly through a local company, foundation or other approved entity; and

    (b)  that all prescribed government fees have been paid before the grant of Citizenship by Investment can occur.

(8)  A private home that has been purchased that qualifies an applicant for citizenship under the Citizenship by Investment Programme shall not be resold for a period of at least five years after the granting of citizenship and shall not

    (a)  qualify for use in a subsequent Citizenship by Investment application; or

    (b)  be resold for the purposes of the granting of citizenship under the Citizenship by Investment Programme.

(9)  An application for citizenship by investment shall be considered only after all monies have been placed in an irrevocable escrow account provided that the holders of such escrow account shall comply with the provisions of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act, 2017.

(10)  Where a person, being the holder of citizenship obtained through the Citizenship by Investment Programme, seeks to sell or use real estate in contravention of sub-regulation (8), the following sanctions shall be applicable

    (a)  that person shall have his or her citizenship revoked;

    (b)  that person may be disqualified from further participation in the Citizenship by Investment programme; and

      (c) any transaction purporting to sell that real estate in contravention of the provisions of sub-regulation (8), shall be null and void or if the transaction cannot be nullified or voided, damages shall be payable to the Government by the person.

(11) This regulation is subject to the provisions of the First Schedule and other relevant conditions provided for under these Regulations.

### 5C. SPECIFIC REQUIREMENTS FOR ALTERNATIVE INVESTMENT OPTION.

(1) With effect from 1st November, 2020, where a person invests a minimum of US$200,000.00 in an approved infrastructural project or other approved development project, an application may be submitted on his or her behalf through an authorised person.

(2) In order for a proposed infrastructural project or other development project to qualify as being suitable for the Citizenship by Investment Programme, an authorised person shall ensure that the following criteria are satisfied:

      (a) in the case of capital infrastructural raising projects, an investor shall not utilise the Citizenship by Investment Programme for 100 per cent of the initiative;

      (b) an investor or group of investors shall contribute a minimum of 30 per cent of the required funds for the project;

      (c) an application for approval of a proposed project must be submitted to the St. Kitts Investment Promotion Agency which shall then forward that application with the recommendations of the Agency, to the Cabinet of Ministers.

(3) An application for citizenship by investment shall be considered only after the main applicant shows that the amount specified by the Committee pursuant to sub-regulations (2) and (4),

      (a) has been placed in an irrevocable escrow account; and

      (b) that the holders of such escrow account are in compliance with the provisions of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act, 2017.

(4) The Minister shall appoint an Alternative Investment Option Committee charged with the responsibility to

      (a) review all proposals and work with potential investors to establish the specific criteria for their investment, to ensure the proposed project is in accordance with the laws of Saint Christopher and Nevis, any appropriate international, regional or local standards and the proposal is financially sound;

      (b) the membership of the Committee shall consist of not less than three persons, including

            (i) the Financial Secretary in Saint Christopher and Nevis;

      (ii) the Permanent Secretary in the Office of the Prime Minister; and

      (iii) one other persons, appointed by the Minister by instrument in writing, from persons appearing to him to have wide experience in the law, law enforcement, management or finance;

  (c) the Minister shall appoint one of the members to be the Chairperson;

  (d) the member appointed by the Minister, in accordance with sub-regulation (4)(c)(iii), shall

      (i) hold office for a period specified in the instrument of appointment unless he or she resigns or his or her appointment is revoked before the end of that period;

      (ii) be eligible for further appointment on the expiration of the period of his or her appointment.

  (e) the Minister may appoint any person to act temporarily in the place of any member who is absent from Saint Christopher and Nevis or is unable to act.

  (f) where a vacancy is created by the death, resignation or removal from office of a member of the Committee, another person may be appointed in accordance with sub-regulation (3)(c) to fill that vacancy but shall hold office only for the unexpired portion of the period of the former member.

  (g) the Committee shall regulate its own meetings and procedures.

  (h) any action or proceedings taken by the Committee under these Regulations shall not be questioned on the grounds of

      (i) the existence of any vacancy in the membership or any defect in the Constitution of the Committee;

      (ii) any omission, defect or irregularity that does not affect the merits of the action or proceedings.

  (i) the appointment and cessation of appointment of any member of the Committee shall be notified in the Official *Gazette*.

(5) The Committee shall specify the amount of the 30% minimum contribution.

(6) An account and record of all proposed and approved projects shall be kept by the Committee.

(7) Within three months of the submission of an application for Citizenship by Investment, the Unit shall notify the authorised person on behalf of the main applicant whether the application has been

  (a) approved in principle;

  (b) denied; or

  (c) delayed for cause and still being processed.

5

(8)  No later than six months after the date of a notification of approval in principle pursuant to subregulation (7), the main applicant shall be required to show that all prescribed government fees have been paid before the grant of Citizenship by Investment can occur.

(9)  This regulation is subject to the provisions of the First Schedule and other relevant conditions provided for under these Regulations.

4. **Amendment of Part I of the Third Schedule.**

The principal Regulations are amended in Part I of the Third Schedule by extending the date of receipt of applications for the limited time offer, for Non-refundable Contribution for a family of four persons, under the Sustainable Growth Fund to 31st December, 2021.

Made this 15th day of March, 2021.

TIMOTHY S. HARRIS
*Minister responsible for Citizenship*