UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MSR MEDIA SKN LTD., et al.,

    Plaintiffs,

v.                                      Case No. 8:24-cv-1248-KKM-AAS

LESLIE KHAN, et al.,

    Defendants.

## ORDER

The plaintiffs move for an order concluding that they have perfected substituted service of process on Defendant Khan. Mot. for Miscellaneous Relief (MMR) (Doc. 98). Alternatively, the plaintiffs move for a ninety-day extension of time to serve Khan. *Id.* I deny the former request but grant the latter.

### I. BACKGROUND

On May 23, 2024, the plaintiffs filed a complaint asserting three claims—one under the federal civil RICO statute and two under Florida tort law—against ten defendants. Compl. (Doc. 1) ¶¶ 130–68. The plaintiffs have served all defendants other than Khan. (Docs. 45–48, 61, 82).

The plaintiffs have attempted six times to personally serve Khan. On June 17, 20, 22, and 27, 2024, the plaintiffs attempted service at a residence in Tampa, Florida, based

on a tax record and Secretary of State form. Ferguson Decl. (Doc. 98-2) ¶ 3; (Doc. 98-5) at 2; (Doc. 98-3) at 2; (Doc. 98-4) at 2. That same Secretary of State form lists a Raleigh, North Carolina address, (Doc. 98-4) at 2, so on August 7, 2024, the plaintiffs attempted to serve Khan there. Ferguson Decl. ¶ 5; (Doc. 98-8) at 2. Earlier, on July 19, 2024, the plaintiffs tried to serve Khan at a residence in Gulfport, Florida, believing Khan's sister-in-law resides there. Ferguson Decl. ¶ 4; (Doc. 98-6) at 2; (Doc. 98-7) at 2.

None of these attempts proved successful. On the fourth attempt at the Tampa residence, the server encountered a man who allegedly rented the property from Khan's wife and who believed that the Khans had property in St. Petersburg. (Doc. 98-5) at 2. At the Gulfport residence, the occupant purported not to know Khan. (Doc. 98-6) at 2. At the North Carolina residence, the process server encountered an occupant who identified as Khan's nephew (although represented that Khan was his "aunt"). (Doc. 98-8) at 2. The occupant said that Khan owns the property but is currently abroad and does not live at his primary residence. *Id.*

The plaintiffs served, on August 20, 2024, a copy of the summons and complaint on the Florida Secretary of State. Ferguson Decl. ¶ 6; (Doc. 98-9) at 2–3. The Florida Secretary of State accepted service the next day. Ferguson Decl. ¶ 7; (Doc. 98-10) at 2. Because the plaintiffs believe that Khan is the CEO of Galaxy Group and that "Galaxy Group is the parent entity of Defendants Caribbean Galaxy Real Estate Corp. and

2

Caribbean Galaxy Real Estate Ltd.," MMR at 2, the plaintiffs sent by registered mail a copy of the notice of accepted substitute service, the summons, and the complaint, to counsel for Defendants Jin and the Caribbean Galaxy entities. Ferguson Decl. ¶ 8; (Doc. 98-11) at 2–4. Counsel refused service for Khan, who they do not represent. (Doc. 98-1) at 2.

The plaintiffs sent by Federal Express a copy of the notice of accepted service, the summons, and the complaint to Khan's addresses in Tampa and North Carolina. Ferguson Decl. ¶ 9; (Doc. 98-12) at 2–3; (Doc. 98-13) at 2–3. The plaintiffs also emailed Khan a copy of the notice of accepted service, the summons, and the complaint. Ferguson Decl. ¶ 10; (Doc. 98-14) at 2. The plaintiffs move for the Court to deem substituted service perfected or for a ninety-day extension to serve Khan.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Florida law provides that, when an individual conceals his whereabouts, "the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service . . . in

connection with any action in which the court has jurisdiction over such individual or business entity." § 48.161(3), FLA. STAT.

Substituted service requires serving the Florida Secretary of State, *id.* § 48.161(1), notifying the party of that service, *id.* § 48.161(2), and filing an affidavit of compliance with the court within forty days of serving the Secretary of State (or within such additional time as the court allows), *id.* In the affidavit, the party must explain "the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service." *Id.* Florida law statutorily defines "due diligence," requiring the party to have:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

*Id.* § 48.161(4).

## III. ANALYSIS

A plaintiff seeking to effectuate substituted service must demonstrate that substituted service is proper. *See Bird v. Int'l Graphics, Inc.*, 362 So. 2d 316, 317 (Fla. 3d

4

DCA 1978) ("One seeking to effect substituted service of process has the burden of presenting facts which clearly justify the applicability of the statute."). Thus, the plaintiffs must show that Khan is "conceal[ing] [his] whereabouts" and that the plaintiffs have "exercis[ed] due diligence to locate and effectuate personal service." § 48.161(3), FLA. STAT. The plaintiffs' efforts so far do not suffice.

### A. Concealment

The plaintiffs fail to prove that Khan is concealing his whereabouts. The plaintiffs mostly rely on a statement from Khan's nephew, who encountered the process server in North Carolina. MMR at 7. To the plaintiffs, Khan is concealing his whereabouts by, according to the nephew, "own[ing] property 'all across the world' " and apparently living abroad despite providing the Tampa address in a recent filing with the Florida Secretary of State. *Id.* (quoting (Doc. 98-8) at 2); (Doc. 98-4). The plaintiffs also note that Khan has not authorized counsel for Defendants Jin and the Caribbean Galaxy entities to accept service on Khan's behalf. MMR at 7; (Doc. 98-1) at 2. Although these facts might be consistent with a defendant acting to conceal his whereabouts, they alone do not prove that Khan is acting to conceal his whereabouts.

Comparing this case to the case on which the plaintiffs rely, *Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.*, No. 5:23-CV-64-JA-PRL, 2023 WL 6975984 (M.D. Fla. Oct. 23, 2023), reveals the plaintiffs' deficiencies. In *Fundamental Nutrition*, the

5

plaintiff's affidavit detailed a seven-month-long attempt to serve the defendant. *Id.* at *3–4. Initially, the process server was met twice at the defendant's business address by an individual who told the server that the defendant would return soon. *Id.* at *3. After the server returned several times to no avail, the server concluded that the "[d]efendant has cameras on doors," and that they "won't answer now that they know who I am." *Id.* The plaintiffs presented evidence that the defendant fled in a vehicle to "avoid being served" on another occasion at the same business address a few months later. *Id.* at *4. Along with additional attempts to serve process at the defendant's business address, the process server attempted service at the defendant's residential address. The process server confirmed with the community's gatehouse guard that the defendant lived at the residence, but when the process server knocked on the door, a woman, apparently the defendant's wife, told the server that the defendant was unknown. *Id.* The process server also noted that the defendant's wife's license plate was at the home. *Id.* And although the process server returned to the residential address several more times and observed movement in the house, the occupants failed to answer the door. *Id.*

In contrast to *Fundamental Nutrition*, the plaintiffs' evidence in this case does not establish that Khan knew of the efforts to serve him and hid accordingly. Instead, the evidence merely proves that Khan was not present at any of the addresses. But absence alone does not provide enough to conclude that Khan is concealing his whereabouts. *Cf.*

6

*United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 111229, at *2 (M.D. Fla. Jan. 12, 2022) (concluding that the plaintiff failed to demonstrate concealment when "the process servers repeatedly visited a residence despite being told that [the defendant] was out of town, and simply left copies of the summons and complaint at some virtual-office locations").

### B. Due Diligence

The plaintiffs fail to show that they used the diligence required by Florida law. Assuming that the plaintiffs "reasonably employed the knowledge at [their] command" and "[m]ade an appropriate number of attempts to serve" Khan in the light of that information, § 48.161(4)(b)–(c), FLA. STAT., the plaintiffs did not make "diligent inquiry and exert[] an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service," *id.* § 48.161(4)(a).

The plaintiffs located three potential addresses for Khan. MMR at 6–7. But once the plaintiffs learned that Khan may be out of the country, they stopped investigating. These efforts pale in comparison to instances where courts have concluded that the plaintiffs acted with due diligence. For example, a colleague on this Court found a sufficient effort to acquire information after the plaintiffs and their counsel (1) "employ[ed] a private investigation firm to conduct proprietary and open-source intelligence research and surveillance of potential locations for service"; (2) "conduct[ed] searches of public records

7

databases and court records"; (3) "contact[ed] individuals and attorneys associated with [d]efendants"; and (4) "attempted to call four separate telephone numbers that their investigation yielded as possible leads to locate [the defendant] and were unable to gain additional information for service." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *5 (M.D. Fla. Feb. 14, 2023). Another colleague concluded the same after the plaintiff's counsel "directed surveillance of [the defendant's] home including interviews of the neighbors." *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-CV-665-T-33EAJ, 2011 WL 3296812, at *5 (M.D. Fla. Aug. 2, 2011).

Florida courts arrive at similar conclusions. For example, one has found sufficient efforts to locate information after the plaintiff, among other things, retained "two separate attorneys to investigate [the] [d]efendant's whereabouts," made "multiple requests for further information from the rental car company" the defendant rented a car from, and used "social media . . . when all else failed." *Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8, 18 (Fla. 4th DCA 2014). And another Florida court reached the same conclusion after the plaintiff employed "private detectives," checked "the Florida Registry of Motor Vehicles, the National Crime Center and various local police departments," and contacted the defendant's family member. *Robb v. Picarelli*, 319 So. 2d 645, 647 (Fla. 3d DCA 1975).

To meet the requirements of § 48.161(4)(a), the plaintiffs must make additional attempts to locate Khan. The fact that the plaintiffs "have no address at which to serve

8

[Khan] abroad" does not justify substituted service when the plaintiffs have not first attempted to locate Khan abroad. MMR at 8.

## IV. CONCLUSION

The plaintiffs have not demonstrated that Khan is concealing his whereabouts, nor have the plaintiffs acted with the due diligence required by Florida law. Therefore, the plaintiffs are not entitled to substituted service. But "good cause" exists to allow the plaintiffs an additional ninety days to serve Khan. FED. R. CIV. P. 4(m).

Accordingly, it is **ORDERED**:

(1) The Plaintiffs' Motion to Deem Substituted Service of Process Perfected, Or, in the Alternative, For a 90-Day Extension to Effect Personal Service (Doc. 98) is **denied-in-part** and **granted-in-part.** The plaintiffs must serve Defendant Khan no later than January 23, 2025.

**ORDERED** in Tampa, Florida, on October 25, 2024.

Kathryn Kimball Mizelle
United States District Judge

9