UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| MSR MEDIA SKN LTD., MSR HOTELS & CO. LTD., MSR MEDIA INTERNATIONAL LLC, and PHILIPPE MARTINEZ,<br><br>　　　　　Plaintiffs,<br><br>　– against –<br><br>LESLIE KHAN, CARIBBEAN GALAXY REAL ESTATE CORP., CARIBBEAN GALAXY REAL ESTATE LTD., YING JIN, TIMOTHY HARRIS, DENZIL DOUGLAS, CARIB TRUST LTD., FARON LAWRENCE, ST. KITTS-NEVIS-ANGUILLA NATIONAL BANK LTD., and MCCLAUDE EMMANUEL,<br><br>　　　　　Defendants. | Case No. 8:24-cv-01248-KKM-AAS |

**DECLARATION OF MIDGE A. MORTON**

I, **MIDGE A. MORTON**, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I submit this declaration in support of Caribbean Galaxy Real Estate Corporation, Caribbean Galaxy Real Estate Limited, and Ying Jin's (the "Caribbean Galaxy Parties") Motion to Dismiss.

2.      Unless otherwise indicated, all facts set forth in this Declaration are based upon: (a) my personal knowledge; (b) my review of relevant documents and legal authorities; and (c) information supplied to me by the Caribbean Galaxy Parties or professionals retained by them.

**Professional Background and Qualifications**

3.      I am an attorney-at-law licensed to practice in the Federation of Saint Christopher & Nevis (hereinafter referred to as "the Federation"). I became qualified to practice law in the Federation on 31 October, 2006. Since that time, I have practised mainly in the Federation, appearing before the High Court of Justice and Court of Appeal. I am also called to the Bar of Anguilla. I am co-founder and managing partner of Morton Robinson, L.P., one of the leading law firms in the Federation of Saint Christopher and Nevis established since 2010. My main practice areas are in corporate and commercial law and civil litigation covering a wide spectrum of areas inclusive of actions in property, tort, contract and the like.  From time to time and as recently as February 2024, I have appeared as guest lecturer on various courses at the Norman Manley Law School, Kingston, Jamaica, tutoring law students on a number of topics associated with my practice of the law in the Federation.

4.      Between 2021 and 2023 my firm was occasionally engaged by several of the Plaintiffs to perform limited work that is unrelated to the

2

current application. My firm mainly assisted with the incorporation of the Plaintiffs' local company on the island of Nevis on or around January 2021, and in that capacity my firm acted as the registered agent of MSR Media prior to them transferring the agency to another service provider in April 2022. Separate and apart therefrom, my firm provided non-privileged legal opinions to third parties at the behest of the Plaintiffs on issues relating to intellectual property rights, and performed notary services with respect to documents related to the Plaintiffs' movie business up to September 2023.

5.     Because my firm's involvement with MSR Media is unrelated to any CBI-related matters or any issues arising from this lawsuit, my firm's prior involvement does not prohibit me from providing this expert opinion at the request of the Caribbean Galaxy Parties. There is no conflict in my offering an opinion on this matter.

**<u>Jurisdiction</u>**

6.     Under the Federation's laws[1] and applicable procedural rules[2], the Plaintiffs could assert claims against each of the Defendants in the

---

[1] Our *Eastern Caribbean Supreme Court (SKN) Act* (all of the OECS Member States have similar ECSC legislations) vests **all** jurisdiction in our courts."

[2] In so far as procedure is concerned, (unless otherwise expressly excluded by the Eastern Caribbean Supreme Court Rules), Section 6 (3) of that Act prescribes as follows,

"*The Jurisdiction of this Act vested in the High Court shall be exercised (so far as regards practice and procedure) in the manner provided by this Act, the enactments of the legislature of the State and Rules governing the practice and procedure of the High Court in England.*" See also: *First Caribbean International Bank (Barbados) Limited v. Sunset Village*

Eastern Caribbean Supreme Court based on the events described in the Complaint in this case (ECF 1, the "RICO Complaint"), and the Eastern Caribbean Supreme Court would have jurisdiction to entertain each such claim.

7. The Eastern Caribbean Supreme Court is the superior court of record for the Organisation of Eastern Caribbean States (OECS), including the Federation and St. Lucia. The Eastern Caribbean Supreme Court, formerly, the *West Indies Associated States Supreme Court* finds its origins in the West Indies Act of 1967. The latter Act provided for the Crown to form common courts in the Associated States (as it was then – now Member States) and the fusion of the High Court and the Court of Appeal into one Supreme Court. It therefore means that all the individual states which form the OECS are confined to one Supreme Court which performs supervisory jurisdiction over the legal system of the individual states.[3]

---

*Inc.SLUHCVAP2016/0027* (September 20, 2018) where the point is made that local courts may import common law but not statutory provisions into our local laws.

[3] In *Anselm Caines v. Everton Elliott SKBHCV2021/0211*, Pariagsingh, M (as he then was), made it clear at paragraph [41] of his judgment that the St. Lucia court and the [St. Kitts &] Nevis Court are both Member states of th[e] Eastern Caribbean Supreme Court. "*St. Lucia is a different State within the jurisdiction of this Court*."

The **Eastern Caribbean Supreme Court Civil Procedure Rules, 2023** ("CPR") defines jurisdiction as, "*the jurisdiction of the court as extending throughout the Member States and Territories and any part of their territorial waters*." The same rules define Member States to include, Antigua & Barbuda, Commonwealth of Dominica, Grenada, **St. Kitts & Nevis, St. Lucia** and St. Vincent and Grenadines.

8. As an initial matter, several of the parties are already involved in litigation in the Eastern Caribbean Supreme Court. Defendants, Ying Jin, Timothy Harris, and Caribbean Galaxy Real Estate Corporation have sued Plaintiffs, Philippe Martinez and MSR Media SKN Ltd. for defamation in the Eastern Caribbean Supreme Court (the "defamation action"), and that action remains pending. It certainly is open to the Plaintiffs to either counterclaim or initiate fresh action against the Caribbean Galaxy group in the Federation, since the allegations of defamation on the claims brought in the Federation appear for the most part to be related and or at least connected with matters arising from the RICO complaint. Our *Eastern Caribbean Supreme Court (SKN) Act* carves out a section specific to counterclaims and third parties[4] whereby the court has power to entertain claims by any

---

"***Counterclaim and third parties***.

18. (1) *The Court or Judge shall have power to grant to any defendant in respect of any equitable estate or right or other matter or equity and also in respect of any legal estate, right or title claimed or asserted by him or her—*

*(a) all such relief against any plaintiff or petitioner as the defendant has properly claimed by his or her pleading, and as the Court or Judge might have granted in any suit instituted for that purpose by that defendant against the same plaintiff or petitioner; and*

*(b) all such relief **relating to or connected with the original subject of the cause** or matter, claimed in like manner against any other person, whether already a party to the cause or matter or not, who has been duly served with notice in writing of the claim pursuant to rules of court or any order of the Court, as might properly have been granted against that person if he or she had been made a defendant to a cause duly instituted by the same defendant for the like purpose.*

*(2) Every person served with any such notice as aforesaid shall thenceforth be deemed a party to the cause or matter with the same rights in respect of his or her defence against the claim as if he or she had been duly sued in the ordinary way by the defendant.*" (Emphasis included).

5

defendant to an action asserting a legal and or equitable right. In similar vein, under our applicable procedural rules, *that is to say*, the *Eastern Caribbean Supreme Court Rules, 2023* as amended, Mr. Martinez and MSR Media SKN Ltd. are permitted to assert counterclaims, such as claims for fraud or for tortious interference with contract, against Ms. Jin and Caribbean Galaxy Real Estate Corporation in the defamation action, but elected not to.

9. Had Mr. Martinez and MSR Media SKN Ltd. elected to assert counterclaims against Ms. Jin, Mr. Harris, and Caribbean Galaxy Real Estate Corporation in the defamation action, the Eastern Caribbean Supreme Court would have had jurisdiction over each such counterclaim against each of Ms. Jin, Mr. Harris, and Caribbean Galaxy Real Estate Corporation.

10. The Eastern Caribbean Supreme Court would quite naturally have had *in personam* jurisdiction over Mr. Harris and Caribbean Galaxy Real Estate Corporation for the additional reason that Mr. Harris is a citizen of and permanently resides in the Federation, and Caribbean Galaxy Real Estate Corporation is incorporated pursuant to the laws of the Federation and thus subject to, amongst other things, service of process there[5].

---

[5] *See* Section 68 of the ***Companies Act, Cap. 21.03*** of the Revised Laws of the Federation of St. Kitts and Nevis.

11. Additionally, the Eastern Caribbean Supreme Court would have jurisdiction over claims asserted by Plaintiffs against Ms. Jin, because Ms. Jin has a place of residence in St. Paul's, St. Kitts, conducts real estate and other business and is the CEO of Caribbean Galaxy Real Estate Corporation, which is incorporated and has its principal place of business in the Federation, and Ms. Jin has initiated litigation in the Eastern Caribbean Supreme Court that remains pending.

12. The Eastern Caribbean Supreme Court would also have *in personam* jurisdiction over Defendants Caribbean Galaxy Real Estate Ltd., Faron Lawrence, Carib Trust Ltd., Denzil Douglas, St. Kitts-Nevis-Anguilla National Bank, and McClaude Emanuel, because each either ordinarily resides and carries on business in, or is incorporated and therefore subject to service in the Federation or St. Lucia.

13. The Eastern Caribbean Supreme Court would also have jurisdiction over Defendant Leslie Khan who was at all material times, the head of the Citizenship Investment Unit (CIU) during the alleged events described in the RICO complaint, and because the alleged fraud occurred in the Federation. *See infra.* ¶ 14, n.3;  (ECF 1 ¶¶ 1-6.)

**Possible Relief and Powers of the Eastern Caribbean Supreme Court**

14. If the Plaintiffs sued the Defendants in the Eastern Caribbean Supreme Court, they could assert claims similar to those they assert in the

RICO complaint. For example, the Plaintiffs could assert claims for tortious interference with contract, much like Counts II and III of the RICO complaint.[6] The elements of a tortious interference claim under the Federation laws are based in common law – which is applicable throughout the Eastern Caribbean States, including in St. Kitts and Nevis and St. Lucia.[7]

15. A cause of action for common law fraud is also available under the Federation or St. Lucia law.[8] Such a claim would be substantially similar

---

[6] *Faustinus Venoid George v. The Attorney General of Saint Lucia SLUHCV2019/0571* (delivered on 7 July 2023); *Sol Aviation Services Limited v. Rubis West Indies Limited ANUHCVAP2019/0016* (delivered on 23 October 2019) (Antigua & Barbuda); *Russell Crumpler and Christopher Farmer (as Joint Liquidators of Peak Hotels and Resorts Limited (In Liquidation) v. Jinpeng Group Limited BVIHC (COM) 0116/2014* (delivered on 4 April 2019) (St. Lucia); *Dr. Abner James v. The Medical and Dental Council SLUHCVAP2018/0018* (delivered on 12 March 2020) (British Virgin Islands (BVI)).

[7] In *VTB Capital plc v. Nurtritek International Corporation [2013] UKSC 5*, 6, the court there held that jurisdiction in tort cases is established on the basis of where the tort was committed and where it would be manifestly just and reasonable that the defendant should answer for his wrongdoing. "*If the substance of an alleged tort is committed within a certain jurisdiction, it is not easy to imagine what other facts could displace the conclusion that the Courts of that jurisdiction are the natural forum.*" In the context of the current dispute, it is clear that the allegations of fraud were conceptualized in the Federation and or St. Lucia and that the parties to the concert, have a real, permanent and substantial connection to the Federation and or St. Lucia since at all material times, they were resident and or carried on business within the Federation and or St. Lucia. Put simply, the named defendants have a reputation to protect in the Federation and or St. Lucia as the case may be.

[8] See **Yvette Downes Logan v. Wald**… at paragraph 12 - 13 of the judgment which adopts the learning of Lord Denning as stated in **Lazarus Estate Ltd v. Beasley [1956] 1 QB 702, 712**, which puts the position with respect to our courts views on fraud as follows:

> *"No court in this land will allow a person to keep an advantage which he has obtained by fraud. No judgment of a court, no order of a Minister, can be allowed to stand if it is obtained by fraud. Fraud unravels everything. The court is careful not to find fraud unless it is distinctly pleaded and proved; but one it is proved, it vitiates judgments, contracts, and all transactions whatsoever…*

to Plaintiffs' RICO complaint, in which the Plaintiffs allege that every one of the Defendants committed fraud.

16. Available relief for prevailing on such claims might include money damages, an accounting, or tracing – all forms of relief recognized under our laws whether by statute and or by the common law.[9]

17. Additionally, MSR Media SKN is already seeking relief in the Federation courts based on the same events alleged in the RICO complaint. MSR Media SKN has filed an application for judicial review against current Federation Prime Minister Terrance Drew in the Kittian High Court. *See*

---

> *In Lazarus Estates the court explored the viability of an assertion that a statutory limitation period did not apply where a defence of fraud was raised in answer to a claim for arrears of rent. Statute, in that case, required the applicant to challenge a claim for arrears of rent on certain grounds, particularly that "…the repairs had not been done to the value specified…". A challenge on the grounds set out in the statute could only be brought within a period of 28 days. Fraud was not limited as one of the grounds on which a challenge should be raised within the 28 days' limitation period. The court found that the claimant –*
>
>> *"…by challenging the declaration on the ground that it was fraudulent was challenging its validity on grounds other than that the repairs had not been done to the value specified therein, for fraud vitiates all transactions known to the law, and the landlords could not recover rent by reason of their fraud."*

[9] Section 22 of the *Eastern Caribbean Supreme Court (SKN) Act* makes it clear that the Court has jurisdiction to grant any order a party proves to be entitled to and that such a judgment shall be finally determined. The section specifically prescribes that,

"*The High Court and the Court of Appeal respectively in the exercise of the jurisdiction vested in them by this Act shall in every cause or matter pending before the Court grant either absolutely or on such terms and conditions as the Court think just, all such remedies whatsoever as any of the parties thereto may appear to be entitled to in respect of any legal or equitable claim or matter so that, as far as possible, all matters in controversy between the parties may be completely and finally determined, and all multiplicity of legal proceedings concerning any of these matters avoided.*"

*MSR Media SKN Ltd. v. Hon. Terrance Drew*, No. SKBHCV2024/0087. MSR Media SKN seeks an order of mandamus requiring Drew to cancel all certificates of citizenship issued in connection with Galaxy SKN's jail project. *Id.* The application for judicial review remains pending.

18. A final judgment entered by the Eastern Caribbean Supreme Court would be enforceable internationally, subject to foreign jurisdictions' rules of comity.

19. The Eastern Caribbean Supreme Court has the power to compel the attendance of witnesses. This power includes absolute authority to require witnesses within the Court's jurisdiction, including witnesses who permanently reside in OECS nations such as the Federation or Saint Lucia, to testify. If a witness is outside the Eastern Caribbean Supreme Court's jurisdiction, the Court may issue a letter of request to a foreign court to seek the foreign court's assistance in compelling witness attendance.[10]

\* \* \*

[Intentionally left blank.]

---

[10] *See EC CPR Part 33* on Court Attendance by Witnesses and Depositions.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.

Executed on 31st October 2024 at Charlestown, Nevis, in the Federation of St. Kitts and Nevis.

*[signature]*

MIDGE A. MORTON
MORTON ROBINSON, L.P.

11